# UNITED STATES DISTRICT COURT
### District of Connecticut
### U. S. Probation & Pretrial Services

**Jesse J. Gomes**
Chief United States Probation Officer

450 Main St., Room 735
Hartford, CT 06103
Phone: (860) 240-3661
Fax: (860) 240-2620

# M E M O R A N D U M

157 Church St., 17th Floor
New Haven, CT 06510
Phone: (203) 773-2100
Fax: (203) 773-2200

April 5, 2023

915 Lafayette Blvd., Room 200
Bridgeport, CT 06604
Phone: (203) 579-5707
Fax: (203) 579-5571

|  |  |
|---|---|
| To: | The Honorable Michael P. Shea<br>United States District Judge |
| From: | Michael Jones<br>Senior U.S. Probation Officer |
| Subject: | SHERMAN, PENNI<br>3:19-CR-00256(MPS) |

This memorandum is in response to Penni Sherman's motion for early termination of supervised release.

On August 17, 2020, Ms. Sherman was sentenced in the District of Connecticut to 8 months' imprisonment, 24 months' supervised release, with $252,277.09 restitution to victims and $125,167 restitution to the Internal Revenue Service (IRS). Additionally, the Court ordered special conditions of release which include 2 months' home detention (completed), do not incur new credit card charges above $500 without prior approval, provide U.S. Probation with access to requested financial information, cooperate with the IRS to pay all outstanding taxes, pay restitution in the amount of $400 per month or 10% of gross monthly income, participate in mental health treatment, and 3rd party risk notification if Ms. Sherman wishes to work as a bookkeeper or do other financial work for clients. The Court also ordered Ms. Sherman be prohibited from having check writing or other payment authority with respect to clients.

Ms. Sherman entered Bureau of Prison (BOP) custody on August 13, 2021. She was released from Bureau of Prison custody on March 28, 2022, with supervised release scheduled to expire on March 27, 2024.

On July 8, 2022, the Court granted a requested modification of the payment schedule and amended Ms. Sherman's restitution payment to $50 per month, as Ms. Sherman was having difficulty obtaining employment and was not meeting the Court ordered $400 per month requirement. As Ms. Sherman has obtained employment, U.S. Probation has encouraged her

to increase her restitution payments, which she has done. Her restitution payments since her release are as follows:

- July 8, 2022           $50
- August 23, 2022     $100
- September 29, 2022 $50
- November 17, 2022 $100
- December 8, 2022   $150
- January 10, 2023    $200
- February 8, 2023    $200
- March 27, 2023      $200
- March 28, 2023      $150,000

Ms. Sherman paid $4,800 toward victim restitution and an additional $200 for her special penalty assessment prior to serving her term of incarceration. Following her release from custody, she has paid an additional $1,125 in installments (as noted above). An additional $150,000 was seized from a civil lawsuit awarded to Ms. Sherman and applied to her victim restitution on March 28, 2023. Her remaining victim restitution balance is $96,352.09 and her remaining federal restitution (IRS) remains $125,167, totaling $221,519.09.

Ms. Sherman is currently self-employed, working as a bookkeeper on a part-time basis, for three separate companies. She reports earning approximately $400 per month and is primarily supported by her husband's income at this time.

To date, Ms. Sherman has been complaint with her conditions of supervised release. As noted, she completed her term of home detention without incident, attends mental health counseling, has submitted to financial disclosures, and complies with the 3rd party risk notification condition. Although she has not maintained full-time (at least 30 hours per week) employment, as her standard conditions of supervised release require, she has made efforts to obtain employment and appears to be hindered by her criminal record in securing more consistent employment. She has expressed that she believes her conditions of release, specifically the 3rd party notification, also hinders her from securing stable employment.

With respect to Ms. Sherman's motion for early termination, U.S. Probation takes no position and defers to the Court. Ms. Sherman has completed approximately half of her term of supervised release and, with the assistance of her civil suit, has satisfied approximately 41% of her total restitution. Ms. Sherman has one year remaining of supervised release and it is likely her contributions toward restitution will be nominal in that time frame, regardless whether she is on supervised release. Ultimately, whether Ms. Sherman is successful in paying her restitution in full will lie with the enforcement of the U.S. Attorney's Office and the Financial Litigation Unit following her term of supervised release.