AUG 31 2023 AM 10:54
FILED_M- USDC - BPT- CT

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NO.3:18-CR-00256 (MPS) |
| | : | |
| v. | : | |
| | : | |
| PENNI SHERMAN, | : | August 29, 2023 |
| A/K/A "Penni Sherman" | | |

### MOTION TO EXTEND TERRITORIAL LIMITS OF TRAVEL

The defendant, Penni Sherman, respectfully requests that the Court extend the territorial limits of her judgement order to allow her to travel to visit with her elderly mother, Lilyan Sherman in Delray Beach, Florida for the remaining period (7 months) of her supervised release ending on March 28, 2024. In support of this motion, Ms. Sherman represents as follows:

1.  On October 11, 2019, Ms. Sherman agreed to waive her right to be indicted, took responsibility for her actions, and plead guilty to two-count information charging violations of 18 U.S.C.§ 1343 and 26 U.S.C. § 7206(1) (Docket #5). Ms. Sherman was released on a personal recognizance bond (Docket #8). Additionally, issued by this Court was an ORDER setting conditions of release, see *Exhibit A* attached hereto (Docket #7). On such order there were no restrictions as to traveling outside of the Jurisdiction of Connecticut.

2.  On August 17, 2020, Ms. Sherman was sentenced before this Court and Judgment was ordered to 8 months imprisonment, and 24 months supervised release, a non-Guidelines sentence well below the Guidelines range, and deferred surrender for one year, based on Ms. Sherman's history and characteristics, including her lack of a criminal record. Also imposed $377,444.09 restitution, with

1

conditions of release both special and standard, adding a restriction of travel (3) of standard condition is "You must not knowingly leave the federal judicial district of Connecticut without first getting permission from the Court or the Probation Officer", see *Exhibit B* attached hereto (Docket #56).

3. Ms. Sherman entered Bureau of Prison (BOP) custody on August 13, 2021; as ordered, she was released from Bureau of Prison custody on March 28, 2022, without incident. In connection therewith the Judgment Order, Ms. Sherman has complied with all special conditions and standard conditions of release to date without incident.

4. On July 7, 2022, Ms. Sherman, by her attorney, Ethan Levin-Epstein, Esq. entered a motion for permission to travel to Pennsylvania to visit her sister and other family members (Docket #70). On July 8, 2022, said motion was granted by the Court (*Shea, J*) (Docket #71). She traveled without incident.

5. Ms. Sherman has completed her sentence of incarceration and over half of her supervised release. She has complied with all special and standard conditions of release. Ms. Sherman paid $4,800.00 toward victim restitution and an additional $200 for her special penalty assessment prior to serving her term of incarceration. Following her release from custody, she has paid an additional $151,525.00 toward victim restitution and continues to pay monthly restitution payments as ordered.

6. Ms. Sherman has been compliant with all conditions of supervised release without incident, attends mental health counseling, has submitted financial disclosures when requested, complies with the 3rd party risk

notification condition and volunteers on a weekly basis at a women's reentry organization, Evolution Reentry Services, LLC helping women reintegrate with their children and families during reentry.

7. When Ms. Sherman was on Pretrial Release she fully complied with the conditions of release. While there were no restrictions of travel, she notified probation every time she left the District of Connecticut and always returned as promised. She voluntarily surrendered to serve her sentence of incarceration on time without delay or incident.

8. Before allowing travel outside of the district, probation officers assess any risk to others that would be posed to travel; determine whether the defendant is in compliance with conditions of supervision (particularly those requiring payment of criminal obligations), and assess whether travel would disrupt defendant needs, including maintenance or securing of employment, the participation in educational programs, or the strengthening of family ties. (USCourts. https://www.uscourts.gov/services-forms/overview-probation-supervised-release-conditions), as such Ms. Sherman has been approved for prior travel out of the District of Connecticut.

9. Ms. Sherman requests extended permission to travel outside of the District of Connecticut to Delray Beach, Florida as needed and with notification to probation during the balance of her supervised release. Ms. Sherman has not seen her mother in three (3) years and her mother's health is failing with a diagnosis of Dementia. On recent phone calls her mother has had trouble with her memory of family members.

10. The importance of family support has been highlighted in both qualitative and quantitative research efforts using a variety of samples across the United States. Existing research has shown that family support related to decreased recidivism (Boman and Mowen, 2017), increased odds of employment (Berg and Huebner, 2011), and better mental health outcomes (Grieb et al. 2014) during reentry. As the Department of Justice Recognized (Naser and Visher, 2020) research finds that, "for most former prisoners; especially women, relationships with family members are critical to successful reintegration. It is essential for Ms. Sherman's success to be able to see her mother prior to any further decline in her mother's health and memory impairment.

11. Ms. Sherman has been an exemplary example of success in reentry by complying with all conditions of release, cooperating with probation officers, paying her restitution, providing financial information, keeping lines of communication open with probation, continuing advancing with her self-employment and searching for continuous employment despite the many barriers of having a felony on your background. She has become a leader for other women coming home to follow in her footsteps.

12. For all these reasons Ms. Sherman respectfully asks for her extended territorial limits. These limits do not conflict with any of her obligations under her supervised release. When traveling to visit her mother she will be staying with her mother at no cost and any expense of airline travel will be covered by family members who believe it is essential for both Ms. Sherman and her mother to have continued visits for quality of life.

WHEREFORE, the defendant Penni Sherman respectfully requests that the Court extend the territorial limits of her supervised release order to allow her to travel to Delray Beach, Florida for the remainder of her time on supervised release.

Respectfully requested,

**PENNI SHERMAN**
The Defendant

*Penni Sherman*

23 Sherwood Street
Norwalk, CT 06851
Telephone: (203) 246-1873
Email: prparker23@gmail.com